**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERTO JUAREZ SALINAS** | § | |
| **#1633383** | § | |
| | § | |
| **V.** | § | **A-12-CA-1030-SS** |
| | § | |
| **TEXAS DEPT. OF PROTECTIVE AND** | § | |
| **REGULATORY SERVICES, MICHAEL** | § | |
| **MARTINEZ, CRAIG E. LUSK, PAUL** | § | |
| **EVANS, and HONORABLE JUDGE** | § | |
| **PRESIDING** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Coffield Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is currently serving a four-year term of imprisonment for violation of a protective order and assault causing bodily injury–family violence. Plaintiff challenges the termination of his parental

rights in 2003.  Plaintiff filed a similar challenge in Cause No. A-12-CV-437-SS, challenging the termination of his parental rights in 2009.  That case remains pending.

Plaintiff sues the Texas Department of Protective and Regulatory Services, Michael Martinez, Craig E. Lusk, Paul Evans, and the state judge, who presided over the termination of his parental rights.  Plaintiff accuses Michael Martinez, a case worker, of terminating his parental rights through false allegations.  He claims Craig E. Lusk and Paul Evans provided ineffective assistance of counsel.  Finally, he claims the state judge abused his or her discretion when Plaintiff's parental rights were terminated. Plaintiff requests the Court to undo the adoption of his child and reverse and remand the case for a new trial.

## DISCUSSION AND ANALYSIS

Plaintiff's complaint should be dismissed for want of jurisdiction.  It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986). The Rooker-Feldman doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

Plaintiff clearly requests the Court to set aside the state court's judgment and reverse and remand for a new trial.  Accordingly, Plaintiff's action should be dismissed under Rooker-Feldman, as an improper collateral attack on a state court order.

In addition, the Texas Department of Family Protective and Regulatory Services is immune from suit under the Eleventh Amendment because an action against it is the same as a suit against the State of Texas. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

Also, Plaintiff's court-appointed counsel are not state actors. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. Monroe v. Pape, 365 U.S. 167, 184 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27 (1980). An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972).

3

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4